ROBINSON *v.* STATE.

No. 41387 December 14, 1959 116 So. 2d 545

*D. C. McCool, Josephine Hood, Jack M. Greaves,* Canton, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Hall, J.

This is the second appearance of this case; it is first reported in 108 So. 2d 583, not yet reported in the State Reports.

Upon remand appellant was again tried and convicted of the murder of his wife and, the jury being unable to agree on the punishment, he was sentenced to serve a life term in the state penitentiary, from which second trial comes this appeal.

The appellant contends that the proof for the State rests upon mere suspicion in that the shotgun with which she was slain was the appellant's property. The killing took place at Ridgeland, in Madison County. The deceased was shot in the back of the neck and head at close range. At the time of the shooting she was in her own home and near the front door. Instead of reporting the matter to the sheriff of Madison County where the killing occurred, the defendant drove all the way to Jackson and reported there that his wife had been found dead by him. The sheriff's office in Jackson, upon learning that the killing occurred in Madison County, called the sheriff's office in Madison County and arranged for a deputy there to meet a deputy from Hinds County near Ridgeland. The Hinds County deputy carried the appellant to Ridgeland, where they were met by Billy Noble and Bobby H. Gordon, both deputies of Madison County, who proceeded to the home of appellant and there found his wife just inside the front door with flesh and blood spattered on the door. The killing occurred on February 1, 1958. The appellant's shotgun was leaning against the wall across the room from the body of the deceased. Appellant told the deputies that he had come in the house and found his wife dead and had picked up his gun from the floor and had leaned it against the wall. Mr. Noble testified that it was a rainy day and the road was muddy and they saw footprints leading to the road and worn boot tracks

leading to a tree standing in the yard and then leading back to the house. Appellant told them that he had chopped some wood and had taken it into the house with which to cook breakfast, and the deputies found in the house the same type of wood that came off the tree. The appellant told the deputies that he had left home and had come out to the road and had gotten in his car and proceeded to his brother's home and then on to the city police station in Jackson and notified them, and then proceeded on to the sheriff's office to tell them about finding his wife's body. Mr. Noble testified that they found boots that fit the tracks leading out from the house and these boots were the property of appellant.

The appellant told the deputies that somebody had poked a gun in the east window and had shot the deceased; but an examination of the house showed that all the windows in this front room were nailed down, that is the bottom sash was nailed down, and Deputy Gordon testified that it was impossible for anybody to have raised the window without pulling the nails on the inside.

Willie Thomas, who lives in Ridgeland about one or one and a half blocks from the appellant, saw the appellant that morning and talked with him and had a drink of whiskey with him and said that at that time the appellant had on khaki clothes, but that later when the sheriff's deputies came he had changed his clothes. There was also testimony that the appellant had threatened to kill his wife.

The only testimony for the defense was the testimony of appellant himself, who denied that he had killed his wife.

Appellant says that his house was surrounded by grass on all sides and that tracks would not show at all. In this connection it was shown that the house was not surrounded by grass and that the tracks mentioned were clearly visible and were the only tracks there. It

is argued that we should throw into the discard without hesitation all testimony as to tracks. It is argued that the proof was wholly circumstantial, that the jury convicted the appellant on mere suspicion, and it is mentioned in the assignment of errors that the appellant undertook to prove that some other person had the opportunity to kill the deceased and that the verdict of the jury was against the overwhelming weight of the evidence. █ Upon an examination of the entire record in this case we are of the opinion that the proof was amply sufficient to sustain the conviction and that the judgment of the lower court should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.